IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No: 1:15-CR-293-TSE |
| v. ) | |
| ) | **UNDER SEAL** |
| WAYNE SHELBY SIMMONS, ) | |
| ) | |
| Defendant. ) | |

GOVERNMENT'S MOTION TO SEAL INDICTMENT
AND ARREST WARRANT PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an order to seal the indictment and arrest warrant in this matter until the time of the defendant's arrest.

**I.    REASONS FOR SEALING** (Local Rule 49(B)(1))

1.    The FBI has been investigating the defendant for engaging in a number of fraud schemes stemming from his false claim that he spent nearly thirty years working as a clandestine officer for the CIA. The indictment alleges, among other things, that the defendant used this false claim in attempts to obtain a security clearance and that he twice used the claim to successfully obtain work as a defense contractor, including to get deployed to Afghanistan as an intelligence advisor to senior U.S. military officials.

2.    The defendant has a significant criminal history, including convictions for a crime of violence and firearms offenses, and is believed to have had an ongoing association with firearms notwithstanding those felony convictions. The defendant, moreover, has a history of acting in an aggressive manner, and is likely aware of the imminent nature of the charges in this case. Based

1

on all of these factors, the government believes that premature disclosure of the charges against the defendant may jeopardize the government's ability to locate and arrest the defendant without incident.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal the requested documents. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment and arrest warrant is appropriate where there is a substantial probability that the release of the sealed documents would severely compromise the government's on-going investigation. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F. Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The sealed materials would need to remain sealed only until the defendant is arrested. Upon the defendant's arrest, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal

2

the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the indictment and arrest warrant, and this motion to seal and proposed order be sealed until the defendant is arrested.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____

Paul J. Nathanson
Assistant United States Attorney
Eastern District of Virginia
Counsel for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel.: (703) 299-3700
Fax: (703) 299-3981
Email: Paul.Nathanson@usdoj.gov