

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:15-CR-293-TSE |
| | ) | |
| WAYNE SHELBY SIMMONS, | ) | |
| | ) | |
| Defendant. | ) | |

### CONSENT ORDER OF FORFEITURE

WHEREAS, On April 29, 2016, Defendant Wayne Shelby Simmons pleaded guilty to Counts 3 and 6 of a pending Indictment and a one count Criminal Information. Count 3 of the Indictment charged the defendant with Major Fraud against the U.S., in violation of Title 18, United States Code, Sections 1031 & 2 and Count 6 charged the defendant with Wire Fraud, in violation of Title 18, United States Code, Sections 1343 & 2. The one count Criminal Information charged the defendant with being a Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1). Pursuant to the defendant's plea agreement, the defendant consented to the forfeiture of the property that is the subject of this order of forfeiture.

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4), and 43(a) with respect to discussion of forfeiture at the plea colloquy, notice of forfeiture in the charging instrument, and announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment;

NOW, THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. As to Count 6 of the Indictment (Wire Fraud), the following property is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), as property constituting or derived from proceeds that the defendant obtained directly or indirectly from the offense:

> **The sum of $175,612.00 in the form of a money judgment representing the proceeds that the defendant obtained, directly or indirectly, from the conduct to which the defendant pleaded guilty.**

2. As to the Criminal Information (Felon in Possession of a Firearm), the following property is forfeited to the United States pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), as firearms involved in any knowing violation of 18 U.S.C. § 922(g):

> a. **A Benelli Montefeltro Super 90 shotgun, serial number N006942; and**
>
> b. **A Beretta AL2 shotgun, serial number G94704.**

3. This forfeiture order is final as to the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), but preliminary as to third parties who may have a legal interest in a specific property.

4. The Attorney General or her designee is hereby authorized to seize and otherwise maintain custody and control of the property ordered forfeited, whether held by the defendant or a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, pursuant to Fed. R. Crim. P. 32.2(b)(3).

5. As to the firearms listed above, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of the order in accordance with Fed. R. Crim. P. 32.2(b)(6). Upon the

seizure of any property in partial satisfaction of the forfeiture money judgment referenced above, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of the order in accordance with Fed. R. Crim. P. 32.2(b)(6).

6. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Consent Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2).

7. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Consent Order as necessary to account for said third party rights, shall be entered pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c)(2).

8. The United States may take steps to collect the forfeiture money judgment by all available means, including but not limited to the forfeiture of property traceable to the proceeds of the offense or property that is a substitute for such property.

Date: 7/15/16
Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

Honorable T.S. Ellis, III
Senior United States District Judge

WE ASK FOR THIS:

| For the United States of America, plaintiff | For Wayne Shelby Simmons, defendant |
|---|---|
| Dana J. Boente<br>United States Attorney<br><br>By: _____/s/_____<br>Paul Nathanson<br>Assistant United States Attorney<br><br>James L. Trump<br>Assistant United States Attorney | _____/s/_____<br>Wayne Shelby Simmons<br>Defendant<br><br>_____/s/_____<br>William Bruce Cummings<br>Counsel for the Defendant |

4